MILLER et al. v. LEVY.

(Supreme Court, Appellate Term.  May 16, 1907.)

1. DAMAGES—BREACH OF CONTRACT.
    Where cloth delivered by plaintiffs to defendant to be sponged was re-
turned in a damaged condition, the measure of damages was the difference
between the value of the cloth in the condition in which it was delivered
and its value in the condition in which it was returned.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 15, Damages, §§ 320–
324.]

2. SAME—EVIDENCE OF VALUE.
    Where plaintiffs delivered cloth to defendant to be sponged, and alleged
that it was returned in a damaged condition, a paper, purporting to be a
receipted bill, showing that certain parties had sold cloth to plaintiffs and
the amount which plaintiffs had paid, was incompetent to prove the value
of the cloth.

Appeal from Municipal Court, Borough of Manhattan, Thirteenth
District.

Action by Jacob Miller and another against Harris Levy.  Judg-
ment for plaintiffs, and defendant appeals.  Reversed.

Argued before GILDERSLEEVE, P. J., and SEABURY and
BRADY, JJ.

Louis Levene (Max Schleimer, of counsel), for appellant.
Myron S. Yochelson, for respondents.

SEABURY, J.  This action was brought to recover damages for
breach of contract, and was tried upon oral pleadings.  The plaintiffs
delivered to the defendant 12 pieces of cloth to be examined and
sponged.  The plaintiffs contended that when the goods were returned
they were damaged, and the trial justice awarded judgment in favor
of plaintiffs for $100 damages.  There is no evidence in the case to
sustain this award of damages.  The proper measure of damage in
such a case is the difference between the value of the goods in the
condition in which they were delivered and their value in the con-
dition in which they were returned.  The plaintiffs offered testimony
to show that when the goods were returned they were worth 14 or 15
cents a yard.  But there is no proper evidence to show what the goods
were worth when they were delivered to the defendant for sponging.

To prove their value before delivery the plaintiffs offered in evi-
dence, and the trial justice received, over the objection and exception
of the defendant, a paper, purporting to be a receipted bill, showing
that A. D. Juilliard & Co. had sold cloth to plaintiffs, and the amount
which the plaintiffs had paid.  This bill was wholly incompetent, and
should have been excluded.  As there is no other evidence of the
value of the cloth before it was delivered to the defendant in the
record, the judgment rendered must be reversed.

Judgment reversed, and new trial ordered, with costs to appellant
to abide the event.  All concur.